NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 29, 2007[*]
Decided April 2, 2007

**Before**

Hon. FRANK H. EASTERBROOK, *Chief Judge*

Hon. JOEL M. FLAUM, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 06-3344

| | |
|---|---|
| NAJI HANAWI, *Petitioner,* | Petition for Review of An Order of the Board of Immigration Appeals |
| *v.* | |
| ALBERTO R. GONZALES, Attorney General of the United States, *Respondent.* | No. A76-774-032 |

**O R D E R**

Naji Hanawi, a citizen of Jordan, applied for cancellation of removal under 8 U.S.C. § 1229b(b), claiming that his removal would result in hardship to his four United States-citizen children. After a hearing, an Immigration Judge denied Hanawi's application because he failed to satisfy § 1229b(b)(1)(D), which requires that the hardship to his children be "exceptional and extremely unusual." The

---

[*]After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

Board of Immigration Appeals affirmed without an opinion. We dismiss Hanawi's petition for review.

Hanawi entered the United States on a student visa in 1988 and has since married and had four children who range in age from 13 to 3. The Immigration and Nationality Services initiated removal proceedings against him in 2003. Hanawi admitted the facts contained in the Notice to Appear and conceded removability, but sought cancellation of removal under 8 U.S.C. § 1229b(b) based on the hardship his children would experience living in Jordan. Hanawi testified that his children would face extreme hardship there because he would have difficulty finding work in Jordan's poor economy; he could not afford to educate them in English and they could not read or write Arabic; they were used to life in the United States and unaccustomed to life in the Middle East; and one of his sons would not have access to the healthcare he might require on account of his stunted growth.

The IJ denied Hanawi's application for cancellation because the IJ did not believe that the hardship to Hanawi's children would be "exceptional and extremely unusual." *See* 8 U.S.C. § 1229b(b)(1)(D). The IJ explained that Jordan's poor economy was a hardship that most of its population had to contend with; that Hanawi had extended family currently residing in Jordan; and that all his children "appear to be in good health." The BIA affirmed without opinion.

Hanawi's sole argument on appeal is that the IJ's inquiry into hardship failed to consider several important factors—a political climate in Jordan that was hostile to American citizens, the difficulty his daughter would face in adjusting to the role of women in Islamic society, and his son's stunted growth. The government responds that 8 U.S.C. § 1252(a)(2)(B)(i) strips us of jurisdiction to review Hanawi's argument.

The government is correct that we lack jurisdiction to hear Hanawi's argument. He seeks review of an exercise of discretion regarding cancellation of removal under § 1229b, but decisions under that section are not reviewable by the federal judiciary. *Mireles v. Gonzales,* 433 F.3d 965, 968 (7th Cir. 2006) (jurisdiction lacking to review BIA's exercise of discretion as to whether hardship would be "exceptional and extremely unusual"); *Leyva v. Ashcroft,* 380 F.3d 303, 307 (7th Cir. 2004). This is true even when the petitioner argues—as does Hanawi—that the IJ abused his discretion by failing to thoroughly review the record. *Mireles,* 433 F.3d at 968. And nothing in the REAL ID Act of 2005 alters that result because Hanawi raises neither "constitutional claims" nor "questions of law." 8 U.S.C. § 1252(a)(2)(D).

Accordingly, the petition for review is DISMISSED.